**Juan Carlos SALAZAR–GARCIA,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–70216.

Agency No. A75–247–920.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

Rhoda Wilkinson Domingo, Law Office of Rhoda Domingo, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Shelley R. Goad, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Juan Carlos Salazar–Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal of an immigration judge's ("IJ") denial of his application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review de novo claims of due process violations, *Hartooni v. INS*, 21 F.3d 336, 339 (9th Cir. 1994), and we deny the petition.

Salazar–Garcia contends that his deportation hearing violated due process in that incompetent translation led the IJ to conclude that Salazar–Garcia did not meet the seven-year physical presence requirement. Although the record reflects instances of mistranslations, the mistakes were clarified upon further questioning, and Salazar–Garcia did not demonstrate he was prejudiced. *See Hartooni*, 21 F.3d at 340; *see also Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994). Accordingly, Salazar–Garcia's due process challenge fails. *See id.*

Salazar–Garcia's request to sanction the government for filing a late opposition brief is denied.

John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.